# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAYTON M. DENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-824 SPM |
| | ) |
| HEARTLAND COCA COLA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. *E.g.*, *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.,* ("ADA"), for alleged race, gender, disability and religious discrimination, as well as retaliation and a hostile work environment/harassment.[1] Plaintiff attached to his complaint his

---

[1]Plaintiff has not attached a copy of his Charge of Discrimination to his complaint. He will be

right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated December 21, 2018. Plaintiff filed this lawsuit on April 5, 2019.

A plaintiff in a Title VII and ADA action has ninety (90) days from receipt of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12112. Failure to file a timely civil action warrants dismissal of the complaint. *E.g.*, *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984).

Plaintiff's ninety-day period from the date of his receipt of his EEOC right-to-sue letter elapsed on approximately March 21, 2019. Plaintiff filed his suit approximately fifteen (15) days after the ninety-day period ended. As a result, the complaint appears to be time-barred.

The ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling. *See Hill v. John Chezik Imports*, 869 F.2d 1122, 1123-24 (8th Cir. 1989). Equitable tolling is reserved for "circumstances which were truly beyond the control of the plaintiff." *Id.* at 1124 & n.2. Generally, equitable tolling is "applied where a party acts diligently, only to find [himself] caught up on an arcane procedural snare." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006).

Based on plaintiff's complaint, there is no indication that plaintiff is entitled to equitable tolling. Because plaintiff is pro se, however, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly,

---

required to supplement the record by filing a copy of his Charge with the Court. The Court will compare plaintiff's Charge of Discrimination to the claims outlined in plaintiff's complaint to see if they are "like or reasonably related" to the claims in the complaint.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is [Doc. #2] **GRANTED.**

**IT IS FURTHER ORDERED** plaintiff shall provide the Court with a copy of his Charge of Discrimination no later than twenty-one (21) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty-one (21) days from the date of this Memorandum and Order**, why this case should not be dismissed as time-barred.

Dated this   12th   day of September, 2019.

\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE