UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAYTON M. DENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-824 SPM |
| | ) | |
| HEARTLAND COCA COLA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. On September 12, 2019, the Court ordered plaintiff to show cause in writing, within twenty-one days of the date of the Order, why this matter brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq, should not be dismissed as time-barred. Plaintiff has failed to respond to the Court's Order to Show Cause, and after review of the record in its entirety, the Court will dismiss this action due to plaintiff's failure to timely exhaust his administrative remedies.[1]

Plaintiff brings this action under Title VII and the ADA, for alleged race, gender, disability and religious discrimination, as well as retaliation and a hostile work environment/harassment.[2] Plaintiff attached to his complaint his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated December 21, 2018. Plaintiff filed this lawsuit on April 5, 2019.

---

[1]Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. *E.g.*, *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).
[2]Plaintiff has not attached a copy of his Charge of Discrimination to his complaint. The Court ordered plaintiff to provide the Court with a copy of his Charge on September 12, 2019. Plaintiff has failed to do so.

A plaintiff in a Title VII and ADA action has ninety (90) days from receipt of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12112. Failure to file a timely civil action warrants dismissal of the complaint. *E.g.*, *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984).

Plaintiff's ninety-day period from the date of his receipt of his EEOC right-to-sue letter elapsed on approximately March 21, 2019. Plaintiff filed his suit approximately fifteen (15) days after the ninety-day period ended. As a result, the complaint is time-barred.

The ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling. *See Hill v. John Chezik Imports*, 869 F.2d 1122, 1123-24 (8th Cir. 1989). Equitable tolling is reserved for "circumstances which were truly beyond the control of the plaintiff." *Id.* at 1124 & n.2. Generally, equitable tolling is "applied where a party acts diligently, only to find [himself] caught up on an arcane procedural snare." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006).

Based on plaintiff's complaint, there is no indication that plaintiff is entitled to equitable tolling. Because plaintiff is pro se, however, the Court provided plaintiff time to show that he was entitled to the benefit of equitable tolling. However, he failed to respond to the Court's Order to Show Cause, issued by this Court on September 12, 2019. As a result, the Court finds that this action must be dismissed due to plaintiff's failure to properly exhaust his administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint, brought pursuant Title VII and the ADA is **DISMISSED** as time-barred. 42 U.S.C. § 2000e-5(e)(1).

**IT IS FURTHER ORDERED** that to the extent that plaintiff has any unarticulated state law discrimination or retaliation claims against defendants, the Court declines to exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(c).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of November, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE